|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) ) ) ) ) ) ) ) ) ) | Criminal No: 5:12cr00026-1 |
| v. | | **REPORT AND RECOMMENDATION** |
| **JAMES ROBERT COBLER,** | | By: James G. Welsh |
| *Defendant* | | U. S. Magistrate Judge |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing.

As set forth in more detail in the Indictment, the Grand Jury previously returned a multiple count Indictment charging in **Count One** that between September 2011 and in or about May 2012 the defendant did employ, use, persuade, induce, entice, or coerce a minor boy, then approximately four years of age, to engage in sexually explicit conduct, including oral-genital contact with the defendant and masturbation of the minor boy by the defendant, for the purpose of producing a visual depiction of such conduct, namely a video, and that such visual depiction was produced using material that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, in violation of 18 U.S.C. §§ 2251(a) and 2251(e);

charging in **Count Two** that during the same said period, but on an occasion separate from that set forth in Counts One and Three, the defendant did employ, use, persuade, induce, entice, or coerce a minor boy, then approximately four years of age, to engage in sexually explicit conduct, including oral-genital contact with the defendant and the lascivious exhibition of the minor's genitals or pubic area, for the purpose of producing one or more visual depictions of such conduct, namely one or more digital images, and that such visual depictions were produced using material that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, in violation of 18 U.S.C. §§ 2251(a) and 2251(e); charging in **Count Three** that during the same said period, but on an occasion separate from that set forth in Counts One and Two, the defendant did employ, use, persuade, induce, entice, or coerce a minor boy, then approximately four years of age, to engage in sexually explicit conduct, including the lascivious exhibition of the minor's genitals or pubic area, for the purpose of producing one or more visual depictions of such conduct, namely one or more digital images, and that such visual depictions were produced using material that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, in violation of 18 U.S.C. §§ 2251(a) and 2251(e); charging in **Count Four** that on or about April 20, 2012 the defendant did knowingly transport , using any means of interstate or foreign commerce, one or more visual depictions, namely digital images, and the production of such visual depictions involving the use of a minor engaging in sexually explicit conduct and visual depiction(s) were of such conduct, in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1); and charging in **Count Five** that on or about May 3, 2012 the defendant did knowingly possess at least one matter which contained a visual depiction that had been shipped or transported, using any means or facility of interstate or foreign commerce, including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct,

in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2253(b)(2). In addition, the Indictment contains a **Notice of Forfeiture** apprising the defendant that certain of his property was subject to forfeiture upon conviction of any one or more of the offenses alleged against him.

The plea hearing was conducted before the undersigned on October 29, 2012. The defendant was at all times present in person and with his counsel, Joel C. Hoppe, Assistant Federal Public Defender. The United States was represented by Lea Ashley Shannon Wright, Special Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g), Federal Rules of Criminal Procedure.

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the defendant's pleas, and the defendant entered pleas of guilty to each of the five felony offenses charged in the Indictment.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES**

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts. His full legal name is JAMES ROBERT COBLER. He is twenty-seven (27) years of age, and he has more than a high school education. He is able to read, write and understand English without difficulty. He testified that

he had no medical condition, either physical or mental, which might interfere with his ability to understand and to participate fully in the proceeding; he stated he was using no alcoholic beverage, medication or drugs which might impair his ability to participate fully in the proceeding and that his mind was clear. He stated that he understood he was in court for the purpose of entering pleas of guilty to five felony offenses which he could not later withdraw. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter a plea of guilty to each of the felony offenses charged in the Indictment.

The defendant acknowledged that he had received a copy of the Indictment; it had been fully explained to him; he had discussed all of the charges with his attorney, and he had been given enough time to do so. He stated he understood the nature of the charges against him in the Indictment and specifically understood that each charged a felony offense. *See* Rule 11(b)(1)(G). He testified that he had discussed any possible defenses with his attorney and that he had been given adequate time to prepare any defenses he might have to the charges. He stated that his decision to enter a plea of guilty to each of the charged felony offenses had been made after consulting with his attorney. He stated he was fully satisfied with the services of his attorney, and it was his intention and desire to enter a guilty plea to each of the five charged felony offenses set forth in the Indictment.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for the parties formally informed the court that the **defendant′s proposed pleas of guilty were to be made pursuant to no plea agreement or understanding**, (*See* Rule 11(c)(2)).

The attorney for the government then explained the range of punishment for each of the five offenses charged in Indictment.  After which the defendant acknowledged that he understood the mandatory minimum penalty provided by law for conviction of the offense charged in **Count One** of the Indictment to be confinement in a federal penitentiary for a minimum of fifteen (15) years, and the maximum penalty provided by law for conviction of this offense to be confinement in a federal penitentiary for thirty (30) years, a $250,000 fine and a five year to life term of supervised release; [1] he acknowledged that he understood the mandatory minimum penalty provided by law for conviction of the offense charged in **Count Two** of the Indictment to be confinement in a federal penitentiary for a minimum of fifteen (15) years, and the maximum penalty provided by law for conviction of this offense to be confinement in a federal penitentiary for thirty (30) years, a $250,000 fine and a five year to life term of supervised release; he acknowledged that he understood the mandatory minimum penalty provided by law for conviction of the offense charged in **Count Three** of the Indictment to be confinement in a federal penitentiary for a minimum of fifteen (15) years, and the maximum penalty provided by law for conviction of this offense to be confinement in a federal penitentiary for thirty (30) years, a $250,000 fine and a five year to life term of supervised release; he acknowledged that he understood the mandatory minimum penalty provided by law for conviction of the offense charged in **Count Four** of the Indictment to be confinement in a

---

[1] The defendant additionally acknowledged that he could be sentenced to less than fifteen years imprisonment only if the government makes a substantial assistance motion pursuant to 18 U.S.C. § 3553(e).

federal penitentiary for a minimum of five (5) years, and the maximum penalty proved by law for conviction of this offense to be confinement in a federal penitentiary for twenty (20) years, a $250,000 fine and a five year to life term of supervised release; and he acknowledged that he understood the maximum penalty provided by law for conviction of the offense charged in **Count Five** of the Indictment to be confinement in a federal penitentiary for ten (10) years, a $250,000 fine and a five year to life term of supervised release. *See* Rule 11(b)(H)-(I). In addition, the defendant acknowledged that he understood that he would be required to pay a mandatory $500.00 special assessment. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his pleas, if accepted, would result in him being adjudged guilty of five felony offenses and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offenses; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He also acknowledged that he understood the

court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K).

After also acknowledging that the Indictment contained a **Notice of Forfeiture** and that the government was in fact seeking forfeiture of property in this case, the defendant testified that by entering pleas of guilty to the five offenses charged in the Indictment he may be waiving his right to appeal any issues of proportionality or fairness and any right to a jury determination of forfeitability. *See United States v. Austin*, 509 U.S. 602 (1993) and *Libretti v. United States*, 516 U.S. 29 (1995). He also expressly acknowledged the government's right to seek forfeiture of substitute assets. *See* 18 U.S.C. §§ 981(a)(1)(C) and 982

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw this guilty plea. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of

7

incarceration imposed by the court would also include a period of "supervised release," and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt; his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense; his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and his right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that he was pleading guilty to the five offenses charged in the Indictment, because he had in fact engaged in activity with a minor boy of the type described in Counts One, Two and Three of the Indictment, and because he had downloaded and shared files as alleged in Counts Four and Five of the Indictment, and because there was no question of his guilt after discussing the charges with his attorney.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted for filing as part of the record a written Statement of Facts which summarized the facts that the government was prepared to prove at trial to establish the five offenses charged against the defendant in the Indictment. The defendant and his counsel each represented that the defendant had reviewed it, was fully aware of its contents, and did not contest any of the facts set forth therein. With the signature of the defendant and with the acknowledgment of the defendant and his attorney that the written Statement of Facts fairly summarized the government's case, it was received, filed and made a part of the record. *See* Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding and after consulting further with his attorney, the defendant stated that he remained ready to plead guilty pursuant to the terms of the plea agreement. After voluntarily waiving a reading of the Indictment, the defendant entered the following pleas: a plea of GUILTY to the offense charged in Count One alleging his violation of Title 18, United States Code, Sections 2251(a) and 2251(e); a plea of GUILTY to the offense charged in Count Two alleging his violation of Title 18, United States Code, Sections 2251(a) and 2251(e); a plea of GUILTY to the offense charged in Count Three alleging his violation of Title 18, United States Code, Sections 2251(a) and 2251(e); a plea of GUILTY to the offense charged in Count Four alleging his violation of Title 18, United States Code, Sections 2252(a)(1) and 22521(b)(1); and a plea of GUILTY to the offense charged in Count Five alleging his violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

9

After entering his pleas of guilty and after an independent basis for the plea was established, the defendant was again addressed personally. He reconfirmed that his decision to plead guilty to all five charged offenses was fully voluntary and did not result from any force, threats, promises of leniency or other inducement of any kind *See* Rule 11(b)(2). The defendant also reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of his guilty pleas would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it. The defendant was then remanded to the custody of the United States Marshal pending preparation of a pre-sentence report and acceptance of his guilty pleas.

**GOVERNMENT'S EVIDENCE**

The agreed written Statement of Facts referenced above is incorporated herein and made a part hereof by reference.

**FINDINGS OF FACT**

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed pleas to the charges set forth in Counts One, Two, Three, Four, and Five of the Indictment;

2. The defendant is fully aware both of the nature of each of the five charges set forth in the Indictment and of the consequences of each of his guilty pleas;

3. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. The defendant's pleas of guilty were made pursuant to no plea agreement or other understanding of any type;

5. The defendant's tender of his pleas of guilty to the five felony charges was made with the advice and assistance of counsel;

6. The defendant knowingly and voluntarily entered each of his five guilty pleas;

7. The defendant's pleas of guilty did not result from force, threats, inducements or promises of any kind; and

8. The evidence presents an independent basis in fact containing each essential element of the five offenses to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's pleas of guilty to the offenses charged in Counts One, Two, Three, Four, and Five of the Indictment, that he be adjudged guilty of the said five felony offenses, and that a sentencing hearing be set for February 6, 2012 at 11:30 a.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive

11

Case 5:12-cr-00026-GCM   Document 39   Filed 12/04/12   Page 11 of 12   Pageid#: 121

further evidence or recommit the matter to the undersigned with instructions.  **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED:  This 4th day of December 2012.

*s/ James G. Welsh*
United States Magistrate Judge